# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **AMERICAN CHARITIES FOR REASONABLE FUNDRAISING REGULATION, INC.; and RAINBOW DIRECT MARKETING, LLC,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | Case No. 2:08-cv-875-CW-PMW |
| v. | |
| **TRACI A. GUNDERSEN, in her official capacity as Director of the Utah Division of Consumer Protection, Department of Commerce for the State of Utah,** | **District Judge Clark Waddoups** |
| Defendant. | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) American Charities for Reasonable Fundraising Regulation, Inc. ("ACRFR") and Rainbow Direct Marketing, LLC's ("RDM") (collectively, "Plaintiffs") "motion to set a delayed omnibus hearing on discovery motions now pending and

---

[1] This case was originally assigned to District Judge Dale A. Kimball, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 93. In November 2010, this case was reassigned to District Judge Clark Waddoups, who affirmed the order of reference. *See* docket no. 95.

that may be filed later in this case";[2] (2) Traci A. Gundersen's ("Defendant") motion to compel;[3] and (3) Defendant's motion to strike certain affidavits and declarations.[4]

### I. Plaintiffs' Motion for Hearing

In this motion, Plaintiffs seek to set "a delayed omnibus hearing on discovery motions now pending and that may be filed later in this case."[5] Plaintiffs assert that setting a single hearing, rather than multiple hearings, would best serve the interests of judicial economy and would obviate the need for Plaintiffs' counsel to make multiple trips from Virginia to Utah.

Civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah provides:

> The court on its own initiative may set any motion for oral argument or hearing. Otherwise, requests for oral arguments on motions will be granted on good cause shown. If oral argument is to be heard, the motion will be promptly set for hearing. Otherwise, motions are to be submitted to and will be determined by the court on the basis of the written memoranda of the parties.

DUCivR 7-1(f).

Pursuant to that rule, the court has carefully reviewed the written memoranda submitted by the parties and has determined that oral argument is not necessary on the two pending discovery motions. *See id*. Accordingly, the court will determine those motions on the basis of

---

[2] Docket no. 97.

[3] *See* docket no. 89.

[4] *See* docket no. 91.

[5] Docket no. 97.

the written submissions. *See id*. As for any future discovery motions that might be filed, the court will make a determination about the necessity of oral argument on those motions if and when they are actually filed. *See id*.

## II. Defendant's Motion to Compel

In this motion, Defendant seeks an order compelling Plaintiffs to respond to certain discovery requests that Defendant served on Plaintiffs. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Defendant's motion to compel is granted in part and denied in part, as detailed below. The discovery requests at issue fall into three major categories: (A) interrogatories, (B) requests for admission, and (C) requests for production. The court will address each category in turn. Within each category, the court will address Defendant's specific arguments, as necessary.

### A. Interrogatories

### 1. Responses Signed, Under Oath

Defendant asserts that Plaintiffs' responses to the interrogatories are not signed, under oath, as required by rule 33 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(3), (5). Plaintiffs have not responded to this argument. Accordingly, within thirty (30) days of the date of this order, Plaintiffs shall provide proof to Defendant that their responses were signed, under oath, as required by rule 33. *See id*.

### 2. Interrogatories 2-3

Defendant asserts that Plaintiffs' responses to interrogatories 2-3 are incomplete. The court disagrees and has determined that Plaintiffs' responses are adequate. This portion of Defendant's motion is denied.

### 3. Interrogatories 3-4

Defendant argues that Plaintiffs have improperly objected to interrogatories 3-4 on the grounds of the attorney-client and work-product privileges. Defendant also asserts that Plaintiffs failed to provide a privilege log. As part of their response to Defendant's motion, Plaintiffs have now provided a privilege log, but Defendant claims it is inadequate.

While the court agrees that Plaintiffs should have initially provided a privilege log to Defendant, Plaintiffs have now done so. And, the court disagrees with Defendant's assertion that the privilege log is inadequate. Accordingly, this portion of Defendant's motion is denied.

### 4. Interrogatory 5

Defendant asserts that Plaintiffs' response to interrogatory 5 is incomplete. The court disagrees and has determined that Plaintiffs' response is adequate. This portion of Defendant's motion is denied.

### 5. Interrogatory 7

Defendant asserts that Plaintiffs' response to interrogatory 7 is incomplete because they have not provided an expert report for the individual identified. Plaintiffs are correct in their responsive assertion that the scheduling order in this case, once finalized, will set the deadline for submission of reports from experts under rule 26(a)(2) of the Federal Rules of Civil Procedure.

Because that deadline has not yet been finalized, Defendant's argument is without merit, and this portion of Defendant's motion is denied.

### 6. Interrogatories 8-9

Defendant argues that Plaintiffs have improperly objected to interrogatories 8-9 on the grounds of the attorney-client and work-product privileges. For the same reasons set forth in section I.A.3. above, this portion of Defendant's motion is denied.

### 7. Interrogatory 10

Defendant asserts that Plaintiffs' response to interrogatory 10 is incomplete. The court disagrees and has determined that Plaintiffs' response is adequate. This portion of Defendant's motion is denied.

### 8. Interrogatories 13-14, 15-16, and 22

Defendant argues that Plaintiffs have improperly objected to interrogatories 13-14, 16, and 22. Plaintiffs assert that they are not required to respond to those interrogatories because they seek information about ACRFR's membership in violation of ACRFR's members' right to freedom of association. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460-66 (1958).

The court agrees with Plaintiffs. The court has determined that these interrogatories seek information that, if disclosed, would act as a substantial restraint on ACRFR's members' right to freedom of association. *See id*. at 462-63. In addition, Defendant has failed to argue, let alone demonstrate, that the interest in obtaining that information is sufficient to justify the restraint on those members' right to freedom of association. *See id*. at 463.

It is noteworthy that in a previous ruling, the district court concluded that ACRFR has associational standing on behalf of its members.[6] The district court also indicated that ACRFR members are not parties to this case in their individual capacities.[7] Instead, the district court concluded that RDM (in an individual capacity) and ACRFR (in a representative capacity on behalf of its members) are the two plaintiffs in this case.[8] This court believes that its ruling on the issue of freedom of association is consistent with those rulings by the district court.

Defendant also argues that Plaintiffs have attempted to limit their responses to interrogatories 15-16, and 22 to their personal knowledge, rather than providing "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The court disagrees and has determined that Plaintiffs' responses are adequate.

For the foregoing reasons, this portion of Defendant's motion is denied.

### 9. Interrogatories 18-19 and 24-25

Defendant asserts that Plaintiffs' responses to interrogatories 18-19 and 24-25 are incomplete. The court disagrees and has determined that Plaintiffs' responses are adequate. This portion of Defendant's motion is denied.

---

[6] *See* docket no. 59 at 9-12.

[7] *See id*. at 14.

[8] *See id*.

## B. Requests for Admission

Based on Plaintiffs' responses to the requests for admission at issue and the parties' arguments on the motion before the court, it appears that these requests ask for information about, in whole or in part, disputed issues of fact. Requests for admission are ill-suited to resolve disputed factual issues.

"Rule 36 was designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial." *Champlin v. Okla. Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963); *see also Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978). Responses to requests for admission may be established "as undisputed material facts in the case, provided, the parties are in agreement about such facts." *Champlin*, 324 F.2d at 76.

> Although Rule 36 is included in the division of the Rules of Civil Procedure covering depositions and discovery, requests for admission are distinguishable from other discovery devices. While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.
>
> . . . .
>
> Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes. That is to say, resorting to requests for admission should not be considered a substitute for other discovery tools, if other tools are necessary to elicit facts, establish information, or to obtain documents.

7-36 Moore's Federal Practice - Civil § 36.02[1], [2] (2010) (footnotes omitted).

While the court can appreciate Defendant's desire to elicit information about disputed issues of fact, requests for admission are not the appropriate tool for that task. The rules of discovery provide Defendant with various other tools that are better suited and were designed for eliciting information about those issues. In short, after considering both the subject matter of and Plaintiffs' responses to the requests for admission in question, the court does not believe that Plaintiffs' responses are insufficient or improper. Therefore, this portion of Defendant's motion is denied.

### C. Requests for Production of Documents

#### 1. Requests for Production 1-3, 10, and 16-17

Defendant argues that Plaintiffs have improperly objected to requests for production 1-3, 10, and 16-17 on the grounds of the attorney-client and work-product privileges. For the same reasons set forth in section I.A.3. above, this portion of Defendant's motion is denied.

#### 2. Requests for Production 4 and 6

Defendant argues that Plaintiffs have improperly objected to requests for production 4 and 6 based on the violation of ACRFR's members' right to freedom of association. *See NAACP*, 357 U.S. at 460-66. For the same reasons set forth in section I.A.8. above, this portion of Defendant's motion is denied.

#### 3. Requests for Production 5, 7-9, 11-15, and 18-20

Defendant asserts that Plaintiffs' responses to requests for production 5, 7-9, 11-15, and 18-20 are incomplete or not responsive. The court disagrees and has determined that Plaintiffs' responses are adequate. This portion of Defendant's motion is denied.

### III. Defendant's Motion to Strike

In this motion, Defendant renews her motion to strike certain of Plaintiffs' affidavits and declarations. Defendant's first motion to strike, which relied upon rules 12(f) and 56(e) of the Federal Rules of Civil Procedure and various rules of evidence,[9] was filed in conjunction with Defendant's previously filed motion to dismiss. On December 18, 2009, the district court denied that motion to dismiss.[10] Because the district court's ruling was based solely on a reading of the complaint, the district court concluded that the motion to strike was moot.[11]

This court will not entertain Defendant's renewed motion. Generally speaking, motions to strike and other evidentiary matters are considered by the district judge in conjunction with a motion to dismiss, a motion for summary judgment, or at trial. There is no such dispositive motion pending, and this case is not close to trial. If Defendant wishes to renew her motion to strike properly, she should do so in connection with one of those events. Furthermore, even if this court were inclined to entertain Defendant's renewed motion, it does not have the authority to do so. Absent specific direction from the district judge, this court cannot and will not make such evidentiary rulings.

For these reasons, Defendant's motion to strike is denied.

---

[9] *See* docket nos. 43-45.

[10] *See* docket no. 59.

[11] *See id.*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiffs' "motion to set a delayed omnibus hearing"[12] is **DENIED**.

2. Defendant's motion to compel[13] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

3. Defendant's motion to strike certain affidavits and declarations[14] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 15th day of February, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[12] Docket no. 97.

[13] *See* docket no. 89.

[14] *See* docket no. 91.