IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN CHARITIES FOR REASONABLE FUNDRAISING REGULATION, INC., and RAINBOW DIRECT MARKETING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRACI A. GUNDERSEN,<br><br>Defendant. | **ORDER**<br><br>Case No. 2:08-cv-875 CW<br><br>Judge Clark Waddoups |

This matter is before the court on Defendant Traci A. Gundersen motion for summary judgment. A hearing on the motion was held before the Honorable Clark Waddoups on February 2, 2012. Geoffrey W. Peters and Charles H. Nave appeared on behalf of Plaintiffs and Jeffrey S. Buckner and Thomas D. Roberts appeared on behalf of Defendant. After due consideration of the parties' filings and oral arguments, and otherwise being fully advised,

IT IS HEREBY ORDERED, for the reasons stated on the record, that Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART[1] as follows:

1. The court grants summary judgment in favor of Defendant on each of Plaintiffs' facial challenges.
2. The court finds that the threat of agency action against Rainbow Direct Marketing, LLC ("Rainbow Direct") is sufficient to afford Rainbow Direct standing to challenge the Charitable Solicitations Act (the "Act").

[1] Docket No. 103.

3. Based on the present record before the court, there is insufficient information to rule on Plaintiffs' as-applied challenges.

4. Because the issues in this case have now been narrowed, the court hereby terminates *all* outstanding motions without prejudice.

5. On or before **March 2, 2012**, Plaintiffs may file a new summary judgment motion that focuses only on their "as-applied" challenges. Because "as-applied" challenges are necessarily specific to the member that is challenging the Act, American Charities for Reasonable Fundraising Regulation, Inc.'s ("American Charities") motion must contain facts about each member that it is including within the motion. Conclusory allegations that a member has no contacts with Utah are insufficient to support a motion for summary judgment. The facts must detail what actions each member has taken in its consulting work and why those actions are insufficient to bring the member within the legislative jurisdiction of the Act.

6. On or before **March 22, 2012**, Defendant shall file a memorandum that states whether she needs to conduct additional discovery based on the factual assertions in Plaintiffs' motion for summary judgment. If Defendant intends to proceed with discovery, she shall specify in her report what specific discovery is needed. Discovery shall be limited to the issue of legislative jurisdiction, that is, developing the factual basis to show the relevant consultants have sufficient contact with Utah to fall within the scope of the Act.

7. Plaintiffs are granted leave to file a response to Defendant's memorandum if they object to Defendant's proposed discovery. Otherwise, the parties shall consult and

set a schedule regarding when discovery shall be completed and when Defendant must file her opposition to Plaintiffs' summary judgment motion.

SO ORDERED this 7th day of February, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge