IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN CHARITIES FOR REASONABLE FUNDRAISING REGULATION, INC., and RAINBOW DIRECT MARKETING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL O'BANNON, Director of the Utah Division of Consumer Protection, Department of Commerce for the State of Utah,<br><br>Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:08-cv-00875<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

Currently pending before the Court pursuant to a 28 USC §636(b)(1)(A) referral (doc. 167),[1] is Plaintiff American Charities For Reasonable Fundraising Regulation, Inc. LLC and Plaintiff Rainbow Direct Marketing, LLC's (collectively, Plaintiffs) Motion To Modify Scheduling Order and for Protective Order (doc. 177), Emergency Motion for Protective Order and to Quash Subpoenas (doc. 188) and Motion For Leave To File Sur-Reply To New Issues

---

[1] This case was originally assigned to District Judge Dale A. Kimball (doc. 1) who entered the original order referring this case to Magistrate Judge Warner (doc. 93). In November 2010, this case was reassigned to District Judge Clark Waddoups, who affirmed the order of reference to Magistrate Judge Warner (doc. 95). On May 21, 2012, the reference was reassigned to Magistrate Judge Evelyn Furse (doc. 157). On August 28, 2012, the reference was again reassigned to Magistrate Judge Dustin Pead. Thereafter, the entire case was reassigned to District Judge Robert Shelby who reaffirmed the reference to Magistrate Judge Pead (doc. 167).

Raised For The First Time In Plaintiffs' Reply Supporting Emergency Motion (doc. 222).[2]

Also pending is Director of the Utah Division of Consumer Protection and Department of Commerce for the State of Utah, Defendant Daniel O'Bannon's (Defendant) Cross Motion To Deny Plaintiffs' Motion To Modify Scheduling Order Without A Hearing (doc. 193).[3]

## I.  PENDING MOTIONS

**<u>Plaintiffs' Motion To Modify Scheduling Order and for Protective Order</u>**

On July 16, 2013, Plaintiffs filed a "Motion To Modify Scheduling Order and for Protective Order" seeking to:  (1) "issue an order of protection prohibiting Defendant from issuing a subpoena or any other request or demand to any affiliates, clients, or potential clients of Rainbow Direct Marketing, LLC, Tripi Consulting Associates, Inc. or New River Direct, Inc. unless just cause can be shown to this Court (a) that such subpoena, request or demand is consistent with the normal course of Defendant's duties, and (b) that such subpoena, request, or demand is unrelated to this litigation" and (2) modify the scheduling order to "end discovery and direct Defendant to file his memorandum of opposition to Plaintiff's second motion for summary judgment on the 'as applied' due process cause of action" or, in the alternative, to modify the scheduling order and require Phase II of discovery begin immediately (doc. 177, p. 8-9).   In opposition to Plaintiffs' motion, Defendant asserts that the request for a protective order must be denied because no subpoenas have been served and discovery should remain open until such time

---

[2]Although not titled as a "motion" Defendant has also filed a document entitled "Objection To New Evidence And Request For Leave To File Sur-Reply To New Issues Raised For The First Time In Plaintiff's Reply Supporting Emergency Brief" (doc. 213).

[3]Also pending, although not fully briefed is Defendant's Motion To Compel Discovery or For Sanctions (doc. 200).

as Plaintiffs provide the necessary discovery documents as required pursuant to Judge Waddoups' Order  (doc. 178).[4]

While the parties intersperse into their briefing arguments related to summary judgment, assignment and motions to compel, the only relief actually requested in the motion before the Court is the issuance of a preemptive protective order prohibiting the issuance of future subpoenas by Defendant and modify the scheduling order to end discovery.  Upon consideration, the Court hereby denies both of these requests.

First, regarding Plaintiffs' request to modify the scheduling order, the issue of whether Defendant is entitled to additional discovery and supplementation remains in dispute.  Defendant recently filed a "Motion To Compel or for Sanctions" raising issue with Plaintiffs' discovery responses that it considers to be inadequate or in need of supplementation (doc. 200).  Once that motion is fully briefed and in the context of a Motion To Compel, the Court shall determine whether additional discovery is required or whether discovery is, in fact, complete.  At that time, the Court may modify the scheduling order as needed.  Any request to do so at this time, however, is denied as premature.

Second, the context of Plaintiffs' motion for protective order is unusual in that at the time the motion was filed the third party subpoenas which Plaintiffs reference had not been served (doc. 178, p.29).  Generally, once a subpoena is issued the objecting party moves to quash the subpoenas and simultaneously seeks the entry of a protective order forbidding disclosure of the

---

[4]On February 8, 2012, District Court Judge Clark Waddoups issued an Order permitting Plaintiffs to file a summary judgment motion focusing only on Plaintiffs "as-applied" challenges and permitting, if necessary, Defendant to conduct additional discovery on the issue of "legislative jurisdiction, that is, developing the factual basis to show the relevant consultants have sufficient contact with Utah to fall within the scope of the Act." (doc. 151, p.2).

discovery sought.  *See,* Fed. R. Civ. P. 45(c) (quashing or modifying a subpoena); Fed. R. Civ. P. 26(c) ("A party or person from who discovery is sought may move for a protective order in the court where the action is pending").  Here, at the time the motion was filed, no subpoenas were pending (doc. 178).[5]  Consequently, Plaintiff's motion is entirely anticipatory in nature and cannot serve as the basis for the entry of a protective order.  *See Clower v. Geico Ins.,* 2013 U.S. Dist. LEXIS 65036, *18 (citing *SEC v. Dowdell,* 144 F. App'x 716, 722-23 (10th Cir. 2005) (unpublished) (noting a third party may not move fore a rule 26(c) protective order if it has not been served a subpoena seeking discovery)).  Moreover, because a subpoena has not been served, Plaintiffs' request lacks the requisite specificity because it fails, and is in fact unable, to specify exactly what documents it seeks to protect under the order.  *See Reed v. Nellcor Puritan Bennett,* 193 F.R.D. 689, 691 (10th Cir. 2000) (citing, *Gulf Oil Co. v. Bernard,* 452 U.S. 89 (1981) ("The moving party must also make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'").  Accordingly, the Court finds that Plaintiffs fail to establish the necessary "good cause" to support their request and Plaintiffs' Motion For Protective Order is denied.  Fed. R. Civ. P. 26(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses. . . ).  *See also, Sentry v. Shivers,* 164 F.R.D. 255, 256 (D. Kan. 1996) ("[A] party seeking a protective order also has the burden to show good cause for it.").

**Plaintiff's Emergency Motion For Protective Order & Motion To Quash Subpoenas**

Pursuant to Plaintiffs' request for argument related to its original "Motion for

---

[5]Plaintiffs' reply brief fails to address the premature nature of their motion and instead focuses on "set[ting] the record straight on the numerous allegations Defendant makes in his Opposition." (doc. 186).

Modification of the Scheduling Order and Motion For Protective Order" (doc. 177), the Court issued a Notice Of Hearing, scheduling oral argument before the Court on October 10, 2013 (doc. 187).  Prior to the date of the hearing, Plaintiff filed an "Emergency Motion for Protective Order and to Quash Subpoenas" essentially requesting the same relief as set forth in its original motion, but on an expedited basis.  Plaintiffs explain that the impetus for their newly asserted "emergency" request is Defendant's continued demand for discovery and the fact that "Plaintiff's counsel learned that Defendant is preparing to issue subpoenas to third parties *without waiting for the Court to rule on the pending motion to protect third parties.*" (doc. 188) (Emphasis in original).  As a result, through its emergency motion Plaintiffs seek the immediate issuance of a protective order, again, preemptively prohibiting Defendant from issuing any discovery requests or subpoenas as well as an order immediately quashing all subpoenas or discovery requests that have been issued by Defendant to non-parties after September 1, 2013 (doc. 188).[6]

In opposition, Defendant contends that Plaintiffs' Motion For Emergency Protective Order is premature and speculative since "no subpoenas had been issued when Plaintiffs filed their motion, [and therefore] there was nothing to quash." (doc. 192, p.15)

On October 9, 2013, Plaintiffs filed their reply memo admitting that at the time they filed their emergency motion, "they were unaware of the number and nature of the subpoenas that Defendant was preparing." (doc. 208).  Plaintiffs go on to state that since filing their motion they

---

[6]As an addendum to the emergency motion, Plaintiff attaches a September 13, 2013, letter from Defendant identifying and providing copies of subpoenas to be served, in the future, on third parties:  World Neighbors, Inc., Veradata, LLC, Trinity Direct, Southwest Publishing & Mailing Co., Response Media, Inc., National Parkinson Foundation, Inc., May Development Services, Key Acquisition Partners, LLC, Helen Keller International, Accuzip, Inc., Cross International, Inc., Girls, Inc., Grassroots International, Inc., and Guttmacher Institute, Inc. (doc. 191).

have had an opportunity to review many of the actual subpoenas which are "far more broad, intrusive and unreasonable than anticipated." (doc. 208, p. 2). Based thereon, Plaintiffs seek to "renew and amplify" their motion for a protective order and to quash all subpoenas issued by Defendant since September 1, 2013.  Id.

Although not styled as a motion, on October 16, 2013, Defendants filed a document entitled "Objection To New Evidence And Request For Leave To File Sur-Reply To New Issues Raised For The First Time In Plaintiffs' Reply Supporting Emergency Motion" taking issue with Plaintiffs' attempts to raise new issues and argument for the first time in a reply memorandum (doc. 213). Consistent therewith, on November 1, 2013, Defendant filed a "Motion For Leave To File Sur-Reply To New Issues Raised For The First Time In Plaintiffs' Reply Supporting Emergency Motion" specifically seeking leave of the Court to address the new issues raised in Plaintiffs' reply memorandum (doc. 222).

Although Plaintiffs bolster their emergency motion with the claim that "Defendant *is preparing* to issue subpoenas to third parties" and attach copies of subpoenas "that are *to be* served," at the time Plaintiffs filed their motion the subpoenas at issue had not been served (doc. 208) (Emphasis added). Because no subpoenas were issued, the motion is premature and must be denied. Furthermore, while Plaintiffs' reply brief admittedly attempts to remedy such error by "renewing" the motion, reply briefs are "limited to rebuttal of matters raised in the memorandum opposing the motion." DUCivR 7-1(b)(2).

As a result, the Court hereby denies Plaintiffs' Emergency Motion For Protective Order and Motion To Quash Subpoenas without prejudice. Based upon an understanding that the referenced third parties subpoenas have now been served, the Court gives leave, if necessary, for

Plaintiffs to re-file their motion. Related thereto is Defendant's "Motion For Leave To File Sur-Reply To New Issues Raised For The First Time In Plaintiffs' Reply Supporting Emergency Motion" (doc. 222). Defendant's motion to file a sur-reply is denied as Defendant shall have an opportunity to file an opposition to Plaintiffs' re-filed motion. While the Court recognizes that requiring Plaintiffs to re-file their motion may be viewed as elevating form over substance, in order to ensure that the matter is properly before the Court, federal motion practice requires that each party have a full and fair opportunity to address and respond to all relevant issues.

### Defendant's Cross Motion To Deny Plaintiff's Motion To Modify Scheduling Order Without A Hearing

On September 25, 2013, Defendant filed a "Cross Motion To Deny Plaintiff's Motion To Modify Scheduling Order Without A Hearing" on the grounds that "Plaintiffs have asked Defendant for an extension to provide additional information" which is "inconsistent with [Plaintiffs'] request to cut off discovery since the completeness of Defendant's discovery is tied to Plaintiffs' own production" (doc. 193). In response, the Court granted Defendant's Motion to cancel the October 10, 2013, hearing on Plaintiffs' Motion To Modify Scheduling Order and for a Protective Order in order to allow the issue to be fully briefed. *See* Docket Text Order (doc. 194).

On October 17, 2013, Plaintiffs filed an "Opposition to Defendant's Cross Motion to Deny Plaintiff's Motion to Modify Scheduling Order Without Hearing" arguing that, consistent with their original motion to modify the scheduling order (doc. 177), the discovery period should be ended in order to "protect third parties from the ongoing abuse of the discovery process that Defendant has been perpetrating" (doc. 216, p.2). Defendant replied, pointing to the internal

inconsistencies between Plaintiffs' request to cut off discovery and its promise to provide additional discovery information (doc. 217).

Upon review, the Court finds that the specific relief requested by Defendant in its motion is the denial of Plaintiff's Motion To Modify The Scheduling Order (doc. 177) and Motion For Emergency Protective Order (doc. 188) without a hearing "until it can be coupled with other motions." (doc. 193).   As to the specific relief requested, and consistent with the Court's rulings as stated herein, Defendant's Motion is granted to the extent that, at this juncture, Plaintiffs' Motion To Modify Scheduling Order is denied (doc. 177) without hearing and Plaintiffs' Emergency Motion For Protective Order and Motion To Quash Subpoenas is denied without prejudice and without a hearing (doc. 188).

## II.  ORDER

As stated herein,

1.  Plaintiffs' Motion To Modify Scheduling Order and For Entry of a Protective Order is hereby DENIED (doc. 177);

2. Plaintiffs' Emergency Motion For Protective Order and Motion To Quash Subpoenas is DENIED without prejudice (doc. 188);

3. Defendant's Cross Motion To Deny Plaintiff's Motion To Modify Scheduling Order Without A Hearing is GRANTED (doc. 193).

4.  Defendant's Motion For Leave To File Sur-Reply To New Issues Raised For The First Time In Plaintiffs' Reply Supporting Emergency Motion is DENIED (doc. 222).

DATED this 13th day of November, 2013.

_____
Dustin Pead
United States Magistrate Judge