**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **AMERICAN CHARITIES FOR REASONABLE FUNDRAISING REGULATION, INC., and RAINBOW DIRECT MARKETING, LLC,** | **MEMORANDUM DECISION & ORDER** |
| **Plaintiffs,** | **Case No. 2:08-cv-00875** |
| **v.** | **United States District Court Judge Robert Shelby** |
| **DANIEL O'BANNON, Director of the Utah Division of Consumer Protection, Department of Commerce for the State of Utah,** | **Magistrate Judge Dustin Pead** |
| **Defendant.** | |

## I.    INTRODUCTION

Currently pending before the Court is Defendant Daniel O'Bannon's ("Defendant")

"Motion To Compel" Plaintiffs, American Charities For Reasonable Fundraising Regulation,

Inc., LLC and Rainbow Direct Marketing, LLC's (collectively, "Plaintiffs"), to provide discovery

responses (doc. 300) and Plaintiffs' "Motion For Leave To File Sur-Reply" (doc. 313).[1]  The

discovery disputes raised in Defendant's motion to compel relate to issues surrounding Plaintiffs'

standing in the underlying matter.

---

[1]This case was originally assigned to District Judge Dale A. Kimball (doc. 1) who entered the original order referring this case to Magistrate Judge Warner (doc. 93).  In November 2010, this case was reassigned to District Judge Clark Waddoups, who affirmed the order of reference to Magistrate Judge Warner (doc. 95).  On May 21, 2012, the reference was reassigned to Magistrate Judge Evelyn Furse (doc. 157).  On August 28, 2012, the reference was again reassigned to Magistrate Judge Dustin Pead.  Thereafter, the entire case was reassigned to District Judge Robert Shelby who reaffirmed the reference to Magistrate Judge Pead (doc. 167).

## II.    MOTION TO COMPEL

Upon review, the Court finds Defendant's motion to compel deficient in several regards.

First, Rule 37-1(b) of the Rules of Practice for the United States District Court for the District of

Utah states that all motions to compel discovery:

> must be accompanied by a copy of the discovery request,
> the response to the request to which the objection is made,
> and a succinct statement, separately for each objection,
> summarizing why the response received was inadequate.

DUCivR 37-1(b).  Defendant's thirty-five page motion fails to comply with this rule.[2]  Instead,

Defendant "prioritizes" his motion to compel into five main categories indicating that "[i]f the

issues in Group 1 cannot be resolved, there is no need to reach the issues in Groups 2 through 4".

(doc. 300, p. 2).  In doing so, Defendant fails to identify exactly which discovery requests are at

issue or provide the requisite statement for each objection explaining why Plaintiffs' responses

are inadequate.  Although Defendant references several discovery requests in the footnotes to the

motion, it remains essentially impossible to discern which discovery requests are at issue or on

what basis Defendant asserts the requests should be compelled.

Second, pursuant to Federal Rule of Civil Procedure 37, a moving party must certify that

he has "in good faith conferred" with the opposing party to obtain discovery without court

intervention.  Fed R. Civ. P. 37(a)(1).  Likewise, local rule 37-1(a) requires that before the court

---

[2] Defendant's motion also fails to comply with local Rule 7-1(3)(B) which states that all motions not filed pursuant to federal rule of civil procedure 12(b), 23(c), 56 and 65 "must not exceed ten (10) pages, exclusive of any of the following items: face sheet, table of contents, statement of precise relief sought and ground for relief, concise introduction and/or background section, statement of issues and facts, and exhibits."  DUCivR 7-1(3)(B).   If a motion exceeds the page limitations, "leave of the court must be obtained."  DUCivR 7-1(e).  Defendant did not seek leave of the court before filing his over-length motion to compel.

will consider a motion to compel, counsel for the moving party must file:

> a statement showing that counsel making the motion has made a
> reasonable effort to reach agreement with opposing counsel on
> the matters set forth in the motion.  Such statement must provide
> the date, time and place where counsel conferred and the names of
> all participants present at the conference.

DUCivR 37-1(a)(1).  Defendant's reference to both a certification[3] and a November 6, 2014,

letter[4] do not satisfy his meet and confer obligations under the rules.  Rather, a meaningful meet

and confer contemplates that the parties make a genuine effort to determine "precisely what the

requesting party is actually seeking; what responsive documents or information the discovering

party is reasonably capable of producing; and what specific, genuine objections or other issues, if

any, cannot be resolved without judicial intervention."  *Cotracom Commodity Trading Co. v.

Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999); *see also* DUCivR 37-1(a)(1).  The meet

and confer requirement adheres to all motions to compel and is not dispensed with based upon

the passage of time or prior communications addressing similar issues.  The court admonishes

counsel to make every possible effort to resolve the discovery matters at issue.

Overall, it is not incumbent upon the court to undertake the task of parsing through

documents to identify the specific discovery requests at issue or to construct arguments on behalf

of the Defendant.  Thus, while the court could deny Defendant's motion outright based upon its

---

[3]Defendant's motion states that he "made several attempts to confer with Plaintiffs to obtain the information sought without court action" and references the certification of Jeffrey Buckner (doc. 300, p. 2).  Such statement does not meet the requirements of DUCivR 37-1(a)(1) and Defendant provides no citation to the referenced certification.

[4]The November letter sent to Plaintiffs' attorney Charles Nave from Jeffrey Buckner appears to be an invitation to meet as opposed to an actual meet and confer.  *See* (doc. 277-8)( "If you would like to meet and confer, let me know").

overall lack of sufficiency and specificity, the court instead denies the motion without prejudice and provides the following direction.

Counsel for Plaintiffs and counsel for Defendant are hereby directed to engage in a meaningful meet and confer in an attempt to reach agreement on the discovery matters at issue. If such efforts are unsuccessful, Defendant may re-file its motion to compel.  In doing so, the Court orders that any re-filed motion must:  (1) identify, in the body of the motion, each specific discovery request at issue; (2) identify Plaintiffs' objection to each individual discovery request; and (3) provide a separate statement or argument *for each objection* explaining on what basis Defendant believes that Plaintiffs' response is inadequate.

Given the age of this case, the court is reticent to delay matters any further. However, Defendant's failure to comply with the rules places this court at such a disadvantage that, absent additional information and clarity, the court is unable to provide appropriate direction on the discovery matters at issue.

### III.   ORDER

For the reasons stated herein:

1.  Defendant's Motion To Compel is denied without prejudice (doc. 300).  Any re-filed motion should be submitted to the court no later than twenty (20) days from the date of this Order.  Plaintiffs' opposition to the motion shall be due ten (10) days thereafter, and Defendant's reply shall be due an additional ten (10) days after Plaintiffs' opposition is filed.   While the court recognizes that this schedule contemplates shorter briefing times than typically allowed under the rules, any re-filed motion is intended to provide clarity and specificity and does not contemplate the development of new legal arguments or theories.  *See* DUCivR 7-1(b)(3)(A)("The court may

order shorter briefing periods. . . .")

    2.  Plaintiffs' Motion For Leave To File Sur-Reply is denied (doc. 313).

DATED this 5th day of August, 2015.

_____
Dustin Pead
United States Magistrate Judge

5